# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRENCE LEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:23-cv-00175-MTS |
| SAINT LOUIS COUNTY COURTS, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the Motion of self-represented Plaintiff Terrence Lee for leave to proceed *in forma pauperis*, Doc. [2]. Upon consideration of the Motion and the financial information provided therein, the Court concludes that Plaintiff is unable to pay the filing fee. The Court will grant the Motion. Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **Legal Standard**

The Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id.* at 679.  The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).  *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements").

The Court must liberally construe complaints filed by pro se litigants.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914–15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed his complaint against the St. Louis County Courts.  The case appears to arise out of a state court case involving Plaintiff's son.  In his Statement of Claim he alleges the following:

> Saint Louis County Court is charged with the care and protection of my son and they failed him.  They failed me by not enforcing court orders, by not setting timely court matters and not holding people accountable when that[']s the[ir] job.

. . .

>I have suffer[ed] mental pain and suffering, emotional pain and suffering[.]  I have suffer[ed] health related things [be]cause of how much this has took a toll on me.
>
>Saint Louis County Court fail to enforce the law and fail to enforce court orders.

Doc. [1] at 5.  He asserts his complaints are "ongoing" since 2018.

For relief, plaintiff seeks one billion dollars and for the St. Louis County Courts "to treat all people fair."  *Id.*

## Discussion

Having carefully reviewed and liberally construed Plaintiff's allegations, and for the reasons discussed below, the Court must dismiss Plaintiff's claims.

*First*, this case is subject to dismissal because St. Louis County cannot be sued directly without allegations of an unconstitutional official policy, custom, or failure to train.  *Second*, the St. Louis County Circuit Court cannot be legally sued.  Finally, the *Younger* abstention doctrine prevents this Court from intervening in plaintiff's ongoing state law proceedings, if any.

To the extent Plaintiff's claims against the St. Louis County Courts can be interpreted as a suit against the County itself, a local governing body such as St. Louis County can be sued directly under 42 U.S.C. § 1983.  But to prevail on this type of claim, Plaintiff must establish the governmental entity's liability for the alleged conduct.  *See Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016).  Such liability may attach only if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise."  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  Plaintiff has not alleged any constitutional violation resulting from official policy, official custom, or failure to train or supervise.  Therefore, any claims he may have intended to bring against St. Louis County must be dismissed.

Additionally, Plaintiff's claims against the St. Louis County Courts are not cognizable because it cannot legally be sued. *Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are not "juridical entities suable as such"). Further, state courts as entities are not vulnerable to suits pursuant to 42 U.S.C. § 1983 because they are protected by Eleventh Amendment immunity. *Mildfelt v. Circuit Court of Jackson Cty.*, 827 F.2d 343, 345 (8th Cir. 1987); *see also Harris v. Mo. Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment"). Therefore, the Court must dismiss Plaintiff's claims against St. Louis County Courts.

To the extent Plaintiff asks this Court to enjoin or otherwise intervene in his ongoing state judicial proceeding, his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). Here, Plaintiff sets forth no allegations tending to establish extraordinary circumstances that would justify interfering with his ongoing state court proceedings, if any. This Court therefore concludes that *Younger* abstention is warranted.

For these reasons, the Court finds Plaintiff has failed to state a claim against the St. Louis County Courts, and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in Forma*

*Pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED** as moot.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would **not** be taken in good faith.

Dated this 17th day of February 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE